# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| MICHAEL S. GREEN, | : | Case No. 2:24-cv-3236 |
| | : | |
| Petitioner, | : | |
| | : | District Judge James L. Graham |
| vs. | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| EILEEN PALEY, *et al.*, | : | |
| | : | |
| Respondents. | : | |
| | : | |

## ORDER AND
## REPORT AND RECOMMENDATION

Petitioner, a pretrial detainee at the Franklin County Correctional Center, has filed a motion for leave to proceed *in forma pauperis* (Doc. 2) along with a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).[1]  Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **GRANTED**.  However, for the reasons that follow, the undersigned **RECOMMENDS** that the petition be **DISMISSED without prejudice.**

## I.      BACKGROUND

Petitioner brings this petition in connection with his pending criminal charges in Franklin County Court of Common Pleas Case Number 2023-CR-002927.  (*See* Doc. 1, at PageID 1-2).  More specifically, he raises the following four grounds for relief in the petition:

> **GROUND ONE:**  In Municipal Court, Mr. Gary Salter was offered a plea which was accepted by me but, Mr. Salter went and blatantly refused.  Judge Paley upon hearing what had been done went off-record with the two attorneys, the prosecutor and Mr. Salter, then returned and advised me that I had the right to appeal the decision of the indictment.

---

[1]The petition was initially filed in the United Stated District Court for the District of Columbia, before being transferred to this Court on April 8, 2024.  (*See* Doc. 6).

**GROUND TWO:**  Criminal law says unjournalized continuances do not toll speedy trial time.  I have never been advised of my rights nor have I been out in open court in front of Judge Bill A. Sperlazza.  I have yet to hear Judge Sperlazza advise me of my rights or hear any of the violations that are occurring in Franklin County.

**GROUND THREE:**  Trenton Grohe, APA is also responsible for unjournalized continuance entries as well as not adhering and the violation of my speedy trial rights according to the Sixth Amendment as well as Ohio Revised Code.  Mr. Grohe as a prosecutor has not allow[ed] me the opportunity to speak in open court.

**GROUND FOUR:**  Sean E. Thivener, like so many others, have begun to make common practice of waiving my speedy trial rights without my consent.  Mr. Thivener also failed to give a[n] explanation or get any journal entry deposition taken in open court.

(Doc. 1, at PageID 6-7).  As relief, petitioner seeks release from custody and dismissal of his criminal case.  (*Id.* at PageID 7-8).

On June 26, 2024, the undersigned issued an Order for petitioner to show cause why this action is not subject to dismissal for lack of exhaustion and because petitioner's requested relief—his release and dismissal of the charges pending against him—is not properly brought in a pretrial § 2241 petition.  (Doc. 6, at PageID 6).  Petitioner has responded to the Order.  (Doc. 9).

## II.    LEGAL STANDARD

Pursuant to Rule 4 of the Habeas Rules, the Court must conduct a preliminary review of a petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  If it does so appear, the petition must be dismissed.  *Id.*  Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions that contain "factual allegations that are palpably incredible or false."  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

### III.    ANALYSIS

As noted in the Court's prior Order (Doc. 6, at PageID 4), a pretrial detainee who has exhausted all available state remedies as a prelude to seeking federal habeas relief may file a pretrial petition under § 2241 to the extent he seeks "to demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *see also Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981).[2]  However, it is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971).  Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by considerations of comity.  *Atkins*, 644 F.2d at 546.  Therefore, intrusion into state proceedings already underway is warranted only in extraordinary circumstances.  *Braden*, 410 U.S. at 489 (1973); *Atkins*, 644 F.2d at 546.  Furthermore, even if extraordinary circumstances exist to warrant federal court intervention into on-going state criminal prosecutions, the petitioner must exhaust all available state court remedies before seeking federal habeas relief.  *See, e.g., Braden*, 410 U.S. at 490; *Atkins*, 644 F.2d at 546.

Petitioner has not demonstrated the kind of "extraordinary circumstances" necessary to justify this Court's intrusion into his state-court proceedings.  He does not allege that he is facing a second trial or retrial, and thus the second and third exceptions to abstention do not apply.  Further, while the first exception for protecting the right to a speedy trial "is potentially

---

[2]The Sixth Circuit "has recognized three exceptions [to abstention] that permit a federal court to consider a pre-trial habeas petition." *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020).  They are: (1) where "the petitioner seeks a speedy trial, and available state-court remedies have been exhausted;" (2) where "the petitioner seeks to avoid a second trial on double jeopardy grounds;" and (3) where "the petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial." *Id.* (citations omitted).  The Sixth Circuit appears to have also recognized that an argument concerning the denial of a reasonable bond may also be available prior to trial, where a petitioner has exhausted his state-court remedies. *See Atkins*, 644 F.2d at 549.

3

relevant[, it] is not satisfied here." *Williams v. Sheriff, Greene Cnty. Adult Det. Ctr.*, No. 2:22-CV-4205, 2022 WL 17669945, at *3 (S.D. Ohio Dec. 14, 2022), *report and recommendation adopted*, 2023 WL 130732 (S.D. Ohio Jan. 9, 2023).

> As this Court noted in *Williams*:
>
> The Sixth Circuit has held that release "from custody and dismissal of the indictment for [an] alleged speedy trial violation . . . *cannot be attained by way of a pretrial § 2241 petition*." *Folley* [*v. Banks*, No. 20-3554], 2020 WL 9813535, at *2 [(6th Cir. Aug. 31, 2020)] (emphasis added). In contrast, a request "that the state be ordered to grant [petitioner] his right to a prompt trial . . . may be considered by pretrial habeas corpus, provided the state courts have had an opportunity to resolve the issue." *Atkins*, 644 F.2d at 548. *See also Humphrey v. Plummer*, 840 F.Supp.2d 1040, 1043 (S.D. Ohio Dec. 9, 2011) (observing the distinction between "a defendant disrupting the orderly functioning of a state's judicial process as opposed to enforcing his right to have the state bring him promptly to trial.") (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 227 (5th Cir. 1987)).

2022 WL 17669945, at *3. *See also Switek v. Michigan*, 587 F. Supp. 3d 622, 625 (E.D. Mich. 2021) ("Petitioner cannot seek the dismissal of his pending criminal charges with a habeas petition.") (citing, *inter alia*, *Atkins*, 644 F.2d at 547); *Hairston v. Franklin Cty. Court of Common Pleas*, No. 2:17-cv-353, 2017 WL 2628236, at *2 (S.D. Ohio June 16, 2017) ("a federal court may issue an order requiring a state to promptly bring a petitioner to trial after a petitioner has exhausted all state remedies available to him on that issue. On the other hand, on the basis of comity considerations, federal courts abstain from exercising habeas jurisdiction where a petitioner seeks to have charges dismissed on speedy trial grounds."), *report and recommendation adopted*, 2017 WL 2972151 (S.D. Ohio July 12, 2017).

In this case, petitioner does not seek a prompt trial date to ensure enforcement of his constitutional right, but rather asserts the speedy trial claim in an effort to have the pending criminal charges dismissed. (Doc. 1, at PageID 7-8; *see also* Doc. 9, at PageID 15 ("[t]his is

4

why I ask for the relief of the dropped charges")).[3] "Because Petitioner seeks only release and dismissal of the charges against him, the exception that might allow this Court to consider his Petition does not apply." *Williams*, 2022 WL 17669945, at *4 (citing *Pruitt v. Ohio*, No. 1:10-cv-313, 2010 WL 2607246, at *2 (S.D. Ohio May 19, 2010), *report and recommendation adopted*, 2010 WL 2620804 (S.D. Ohio June 25, 2010)).

As the petition is subject to dismissal for the above reason, the Court need not determine whether petitioner has exhausted—or, as he asserts, has been "thwarted" from exhausting (*see* Doc. 9, at PageID 15)—his administrative remedies in the state courts. *See, e.g., Dalton v. Thornburg*, No. 1:23-CV-00039, 2023 WL 5662580, at *4-5 (W.D.N.C. Aug. 30, 2023), *appeal dismissed*, No. 23-6978, 2024 WL 446146 (4th Cir. Feb. 6, 2024) (finding dismissal of the petitioner's § 2241 petition appropriate where, "even if [he] had exhausted his claims," his request to dismiss the pending criminal charges was not available under § 2241); *cf. Burley v. State of Tennessee*, No. 3:22-CV-00679, 2022 WL 16825175, at *5 (M.D. Tenn. Nov. 8, 2022) ("But Tennessee's default rule against hybrid representation does not provide a free pass to forego Section 2241's well-established exhaustion requirement.") (citing *Wallace v. Sexton*, 570 F. App'x 443, 451 (6th Cir. 2014)).[4]

---

[3] Petitioner indicates in his response to the show cause Order that a trial date is currently set in the underlying criminal matter for January 6, 2025. (Doc. 9, at PageID 14).

[4] In his response to the Court's show cause order, petitioner also states for the first time, "I also believe that I am being held on a holder from PRC when I did all the time I was sentenced to plus 6 days and was not released on any early out mechanism." (Doc. 9, at PageID 17). To the extent that petitioner is asserting that he should be released on pretrial bail or bond, he has not raised such a claim in his petition. In any event, his petition would still be subject to dismissal under § 2241 because "'an attempt to dismiss an indictment or otherwise prevent a prosecution' is not attainable through federal habeas corpus." *Dalton*, 2023 WL 5662580, at *5 (quoting *Dickerson v. State of Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (in turn quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)). *See also Nunez v. Pearl River Cnty. Ct. & State of Mississippi*, No. 1:15CV174, 2015 WL 9899133, at *2 (S.D. Miss. Nov. 18, 2015), *report and recommendation adopted sub nom. Nunez v. Pearl River Cty. Ct.*, 2016 WL 270388 (S.D. Miss. Jan. 21, 2016) (dismissing § 2241 petition seeking dismissal of charges based, *inter alia*, on alleged "excessive bond" claim because "Petitioner's requested relief is not a remedy which this Court has the authority to grant.")

Accordingly, the undersigned concludes that petitioner is plainly not entitled to relief on his petition because his requested relief of release and to dismiss the charges against him is not properly brought in a pretrial § 2241 petition. S*ee Folley*, 2020 WL 9813535, at *2. This action should therefore be **DISMISSED without prejudice**.

### IT IS THEREFORE ORDERED THAT:

Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **GRANTED**.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's pro se petition for a writ of habeas corpus be **DISMISSED without prejudice.**

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).[5]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS:

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

---

[5]*See Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020) ("Congress knew how to exempt § 2241 petitions from the certificate of appealability requirement when it wished, indicating that Congress chose to require certificates of appealability for state but not federal prisoners who invoke § 2241.").

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court.  *See, e.g., Pfahler v. Nat'l Latex

Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

the magistrate judge's report and recommendation).  Even when timely objections are filed,

appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d

981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation

omitted).


August 21, 2024                          *s/ Elizabeth A. Preston Deavers*
                                         ELIZABETH A. PRESTON
                                         DEAVERS
                                         United States Magistrate Judge